### FREDERICK FIGGE CO. v. STEVENSON.

(Supreme Court, Appellate Term, Second Department. October 18, 1912.)

1. EVIDENCE (§ 217*)—ADMISSIONS—PARTY.

   In an action for damages caused by a truck, the statements of defendant as to his ownership of the truck or his connection with the accident were competent as admissions.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 760; Dec. Dig. § 217.*]

2. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

   In an action for damages caused by a truck, where the negligence was clear, and where defendant's ownership of the truck was the only real

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

issue, the exclusion of statements by defendant as to his ownership and his connection with the accident was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193; Dec. Dig. § 1056.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by the Frederick Figge Company against Louis C. Stevenson. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1912, before ASPINALL, CRANE, and PUTNAM, JJ.

Albert C. Maerkle, of New York City, for appellant.

Joseph A. Hart, of Long Island City, for respondent.

ASPINALL, J. The negligence in this case is very clear. The only doubt that arises is as to the ownership of the truck causing the damage. The plaintiff's testimony shows that the truck bore the name of "Lewis T. Stevenson, Long Island City." The name was written down by Frederick Figge, president of the plaintiff, at the time of the accident; but the paper memorandum has been lost. The defendant denied all knowledge of the accident, and insisted that the truck doing the damage did not belong to him. The defendant conceded, however, that he was the owner of a number of trucks with the name "L. T. Stevenson" on them, and that on the day of the accident one of these, driven by a man named Milligan, had occasion to make deliveries in the neighborhood of Atlantic avenue, where the accident occurred, and might have driven through that street.

[1, 2] This being the state of the testimony, Figge was recalled, and testified that his son had written a letter to Mr. Stevenson, who thereupon called upon him. He was asked if he had a talk with Mr. Stevenson, but the trial judge excluded this line of examination. Whatever the defendant might have said regarding his connection with the accident was, of course, competent in the nature of admissions. The questions put by the plaintiff's counsel regarding this talk with Mr. Stevenson might have been more explicit and to the point, but the exclusion of the testimony regarding any talk probably inclined him to proceed no further. The issue was such a narrow one that we believe the error in the exclusion of this testimony to be of sufficient weight to require a reversal of the judgment.

Judgment reversed, and new trial granted, costs to abide the event.

CRANE and PUTNAM, JJ., concur.